UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re:

DAVID WEBSTER
     Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
DAVID WEBSTER
     Plaintiff,

v.

FRANK J. MAIER
     Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Chapter 13
Case No 09-42027

Adv. Pro. 09-4106

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO STRIKE AFFIRMATIVE DEFENSES**

     This matter came before the Court for hearing on the Plaintiff's Motion for Judgment on the Pleadings or, in the Alternative, to Strike Affirmative Defenses ("Motion for Judgment"). Specifically the Plaintiff is seeking a judgment against the Defendant on the issue of liability for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(c) and §1692e(k). After the Motion was filed, the Defendant moved to amend his answer and although the Plaintiff originally opposed the request, he agreed that the answer could be amended. The amended answer sets forth the affirmative defenses in more detail and thus so much of the Motion for Judgment as asks to strike the affirmative defenses is no longer at issue.

     The sole issue currently before the Court is whether the Defendant knew that the Plaintiff's attorney was representing the Plaintiff with respect to the debt at issue. As set forth below, the answer to that question is the subject of a dispute between the parties and for that

reason, the Motion for Judgment must be denied.

**FACTS**

In 2007 the Plaintiff borrowed approximately $23,000 from Leominister Credit Union ("LCU") to purchase a car for his personal, family or household use. About a year later, he defaulted on the loan causing LCU to repossess the car. LCU alleges that the Plaintiff owes a deficiency claim of over $7,000 and, although the amount is in dispute, the dispute as to the amount is not material to the issue before the Court.

LCU retained the Defendant to collect the deficiency claim. On May 6, 2009 the Plaintiff sent the Defendant a letter informing him that "[a]t this time I have retained a lawyer to help me file for bankruptcy. Please direct all further contact to my lawyer, his information is provided below." The letter contained the correct contact information for the Plaintiff's attorney, Walter Oney. The Defendant acknowledges that he received the letter. Subsequently, an individual named "Gina" called Attorney Oney's office and left a message that she was calling about the Plaintiff and asked for a return call. Attorney Oney returned her call and according to the complaint, informed Gina that he represented the Plaintiff with respect to the deficiency debt. The complaint alleges that Attorney Oney refused to state whether the Plaintiff intended to file bankruptcy on the grounds of the attorney-client privilege but did say that if such filing did occur, he would include the Defendant on the matrix. The amended answer tells a different story. According to the amended answer, when Attorney Oney returned Gina's call, he would not tell her whether he represented the Plaintiff with respect to the deficiency debt or a potential bankruptcy filing nor did he state he would include the Defendant on the matrix in the event that the Plaintiff filed bankruptcy. The amended answer avers that Attorney Oney refused to provide

Gina with any information on the grounds of attorney-client privilege.

Following the conversation between Gina and Attorney Oney, the Defendant sent the Debtor a letter, a copy of which is attached as Exhibit A to the Complaint.[1] The letter reads as follows:

> Please be advised we have now recovered a judgment against you and received the execution from the court.
> Since you have failed to contact this office to make reasonable arrangements to pay the judgment balance and since it appears you are viably employed and have the ability to make payments it is our unfortunate task to advise as follows: if you do not contact Sarah C. Burr, Paralegal of this office within 7 days to discuss this matter and come to terms I will have to institute a second suit against you based on the judgment already recovered and with an accompanying motion to attach your wages.
> If we have to proceed in this matter all court costs and deputy sheriff's costs incurred, and deputy sheriff's cost are usually substantial, will be added to the balance outstanding.
> My file is advanced 7 days ahead awaiting the benefit of your response, or lack thereof, and we will proceed accordingly.
> accrue and will result in a substantial savings to you [sic].

Following the typed text is the following handwritten notation:

> Your attorney wouldn't confirm anything so either you get him to call us, or we proceed!

**DISCUSSION**

Fed. R. Civ. P. 12(c), which is made applicable to this proceeding by Fed. R. Bankr. P. 7012, permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial...."[2] When deciding a motion for judgment on the pleadings, a court must "view the well-pleaded facts in the light most favorable to the non-moving party,

---

[1] The letter is dated May 27, 2009, one day after the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. The parties agree that the Defendant was not aware of the filing when he sent the letter.

[2] The Court assumes that it is permissible to rule on the Plaintiff's motion even though the Defendant sought and received permission to amend his answer.

3

drawing all reasonable inferences in its favor." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008). "[T]o survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level.'" *Id.* (quoting *Perez-Acevedo v. Rivero-Cubano,* 520 F.3d 26, 29 (1st Cir.2008)). Fed. R. Civ. P. Rule 12(d), however, directs the Court to treat the motion as one for summary judgment if "matters outside the pleadings are presented and not excluded by the court...." Although the Defendant submitted his affidavit attesting to the date of the conversation between the Plaintiff's attorney and "Gina" from the Defendant's office, the date of such communication is irrelevant to the issue presently before the Court and thus the Court has excluded it from its consideration. Moreover the Defendant makes much of the fact that Plaintiff's Memorandum raises "facts" outside the pleadings thus converting the Motion for Judgment into one for summary judgment. Arguments of counsel, whether oral or written, however, are not evidence and therefore present no additional "facts" which the Court can accept. Consequently, the Motion for Judgment is not considered one for summary judgment.

 Whether the Court treats the Motion as one under Rule 12(c) or Rule 56, however, leads to the same result. The parties dispute a critical fact, namely whether Attorney Oney acknowledged that he was representing the Debtor with respect to the deficiency claim.

 The Plaintiff argues that he is entitled to judgment under § 1692c(c), which prohibits a debt collector from having further communications with a consumer once the consumer notifies the debt collector in writing that either the consumer refuses to pay the debt or that the consumer

4

wants all further communications regarding the debt to stop.[3] Although admitting that his letter to the Defendant "did not in terms forbid direct contact with the Plaintiff," he argues that such prohibition is the "natural meaning of the language chosen...." Similarly the Plaintiff argues that the notice could only mean he had retained an attorney "who would henceforth be handling all aspects of the debt." Although these facts might be enough if the Defendant continued his communications with the Plaintiff after receiving such notice if the Plaintiff has accepted the Debtor's representations at face value, the Defendant instead contacted Attorney Oney, as the Plaintiff's notice authorized him to do,[4] to confirm his representation.

---

[3]With exceptions not relevant to the instant case, § 1692c(c) provides in relevant part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt....

[4]In light of the Plaintiff's instruction to direct further contact to Attorney Oney, the Court need not address the issue of whether a debt collector's communications with a debtor's attorney following receipt of a cease communications notice are permissible, an issue on which courts of appeal are divided and which has not been addressed by the First Circuit. *Compare Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007) (communications with debtor's attorney does not violate the FDCPA) *with Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007);*Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007) (communications with attorney can violate the FDCPA). Moreover, the Court agrees with the decision in " *Bieber v. Associated Collection Services, Inc.*, 631 F. Supp. 1410, 1417 (D. Kan.1986), in which the court concluded that a debt collector asked a debtor whether she intended to file bankruptcy after the debtor told the caller to contact her attorney did not violate the FDCPA. "While it probably would have been a better practice for defendant to have hung up the phone after learning plaintiffs were represented by an attorney, this one additional question-a legitimate business inquiry-was not so extensive as to have been the kind of additional "communication" prohibited by subsection c(a)(2)." *See also Buckley v. Bass & Associates*, 249 F.3d 678, 681 (7th Cir. 2001) ("simple prudence should thus impel a debt collector who thinks the debtor may have filed for bankruptcy to try to verify this...") Given that such additional contact with a debtor to determine whether the intended to file bankruptcy is permissible, then making the same inquiry of the named attorney would not violate the FDCPA.

5

The FDCPA prohibits direct communications with a debtor if the debt collector knows the debtor is represented by an attorney. 15 U.S.C.A. § 1692c(a). The debt collector may then only communicate with the debtor if the attorney does not respond within a reasonable time or authorizes the debt collector to have direct contact with the client. 15 U.S.C.A. § 1692c(a)(2).[5] "[I]t seems c(a)(2) was designed to prevent repeated phone calls and letters directly to the debtor after the debt collector knows that person to be represented by an attorney." *Bieber v. Associated Collection Services, Inc.*, 631 F. Supp. 1410, 1417 (D. Kan. 1986).

In the instant case, the Defendant alleges he took steps to ascertain whether Attorney Oney represented the Plaintiff and it was only upon Attorney's Oney's refusal to provide any information that the Defendant resumed contact with the Debtor. Attorney Oney's refusal to confirm that he represented the Debtor, if proven, may be a basis for directly contacting the Debtor if the Defendant believed him to be unrepresented with respect to the deficiency debt. What transpired during the conversation between Attorney Oney and Gina may also give rise to a defense that any violation was unintentional and the result of a bona fide mistake. 15 U.S.C.A.

---

[5] 15 U.S.C.A. § 1692c(a) provides in relevant part:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

**(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer....

§ 1692k(c).[6] Although the Defendant's May 29, 2009 letter to the Debtor threatened collection act and the handwritten comments, with their underlining, certainly appear to be designed to project a menacing tone, in light of the factual dispute, the Court cannot determine that the Plaintiff is entitled to judgment on the pleadings.

**CONCLUSION**

For the foregoing reasons, the Motion for Judgment will be DENIED. The Court has previously allowed the Defendant to amend his answer and thus the request to strike the affirmative defenses is MOOT.

A separate order will issue.

Dated: August 21, 2009

_____
Joel B. Rosenthal
United States Bankruptcy Judge

---

[6] 15 U.S.C.A. § 1692k(c) provides:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.